IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL C. MIN, | ) | CIV. NO. 20-00039 WRP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | UNITED STATES' MOTION FOR |
| vs. | ) | SUMMARY JUDGMENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT UNITED
STATES' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant United States' Motion for Summary

Judgment, filed on January 29, 2020 (Motion).  See ECF No. 29.  A hearing on the

Motion was held on May 21, 2021 at 9:00 a.m.  See ECF No. 39.  After careful

consideration of the record in this action, the relevant legal authority, and the

arguments of counsel at the hearing, the Court DENIES the Motion as detailed

below.

BACKGROUND

On January 29, 2020, Plaintiff filed a Complaint against the United

States, pursuant to 28 U.S.C. § 1346(b) of the Federal Torts Claims Act (FTCA).

See ECF No. 1 at 2.  Plaintiff alleges that on May 5, 2014, at approximately 2:00

1

p.m.,[1] he was struck by a United States Postal Service (USPS) truck at his workplace, BEI Hawaii, located at 311 Pacific Street in Honolulu, Hawaii and brings this action against Defendant for personal injuries sustained.  See id. at 3. Defendant maintains that Plaintiff's injuries were not caused by the negligent acts or omissions of Defendant's employees.  See ECF No. 15 at 5.

In the present Motion, Defendant seeks summary judgment on the issue of negligence, relying on its internal investigation to argue that the assigned USPS truck delivered mail to Plaintiff's workplace earlier in the day and was not in the area at the time of the incident.  See ECF No. 29.  In response, Plaintiff argues that the whereabouts and identity of the USPS driver that struck him raises genuine disputes of material fact.  See ECF No. 34.

In the alternative, Plaintiff argues that he should be granted a continuance pursuant to Federal Rule of Civil Procedure 56(d), so that he may conclude discovery in his attempt to identify the USPS truck involved in the accident.  See ECF No. 34 at 6-7.

STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to

---

[1] The Complaint alleges that the accident occurred at "approximately noon," see ECF No. 1 at 3, but this was corrected by an interrogatory response to reflect 2:00 p.m.  See ECF No. 33-6 at 3.

any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

the pleadings and discovery responses that demonstrate the absence of a genuine

issue of material fact."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th

Cir. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

        "An issue is 'genuine' only if there is a sufficient evidentiary basis on

which a reasonable fact finder could find for the nonmoving party, and a dispute is

'material' only if it could affect the outcome of the suit under the governing law."

In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (citing Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986)).  When considering the evidence on a

motion for summary judgment, the court must draw all reasonable inferences on

behalf of the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986); see also Posey v. Lake Pend Oreille Sch. Dist.

No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the

nonmovant] is to be believed, and all justifiable inferences are to be drawn in his

favor") (internal citation and quotation omitted).

3

DISCUSSION

I.   **Applicable Law**

The United States has sovereign immunity and cannot be sued without its consent.  See Lam v. United States, 979 F.3d 665, 671 (9th Cir. 2020).  The FTCA allows private suits against the United States for damages for loss of property, injury, or death caused by a government employee's negligence.  See Myers v. United States, 652 F.3d 1021, 1028 (9th Cir. 2011).  Liability arises for the government employee's actions if a private person would be liable to the claimant under the law of the place where the act occurred.  See 28 U.S.C. § 1346(b)(1).

Pursuant to Hawaii law, a negligence claim must allege the following four elements: (1) a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the actor's part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. See Ono v. Applegate, 612 P.2d 533, 538-39 (Haw. 1980).

II.  **Material Facts**

On May 5, 2014, at approximately 2:00 p.m., Plaintiff claims he was struck by a USPS vehicle in the parking lot of his workplace, BEI Hawaii, located

at 311 Pacific Street in Honolulu, Hawaii.  See ECF No. 33, Plaintiff Daniel C.

Min's Concise Statement of Facts in Opposition to Defendant United States of

America's Motion for Summary Judgment Filed April 6, 2021 (Pl.'s Stmnt.) ¶ 2;

ECF No. 30, Defendant United States of America's Concise Statement of Facts in

Support of its Motion for Summary Judgment ¶ 1.

　　　　Plaintiff reported this incident to his employer, BEI Hawaii,

immediately after the accident allegedly took place.  See ECF No. 33 (Initial

Accident Report) ¶ 5.  Plaintiff described the driver as a "shorter 5'6" Older Asian"

who backed up and struck him in the hip and knee.  Id. (Plaintiff's Answers to

Defendant United States Postal Service's First Request for Answers to

Interrogatories) ¶ 1.  He was unable to verify the license plate of the truck that

allegedly struck him.  See id. (Pl.'s Stmnt.) ¶ 3.

　　　　Defendant conducted an internal investigation into the alleged

incident and USPS Customer Service Supervisor Lance Machida was tasked with

investigating.  See ECF No. 30 (Lance Machida Stmnt.) ¶ 5; ECF No. 33 ¶ 2

(undisputed by Pl.).   It is undisputed that, on May 5, 2014, the USPS driver

assigned to deliver mail to BEI Hawaii, located at 311 Pacific Street, was Ken

Yoshida.  See ECF No. 30, Defendant United States of America's Concise

Statement of Facts in Support of its Motion for Summary Judgment (Ken Yoshida

Stmnt.) ¶ 1; ECF No. 33 ¶ 1.  According to USPS, Mr. Yoshida was the only USPS

letter carrier tasked with delivering mail to 311 Pacific Street on May 5, 2014.  See ECF No. 30 ¶ 6.  In his written statement, Mr. Yoshida described that he delivered mail to 311 Pacific Street at 10:01 a.m. on May 5, 2014 and only remained on the property for approximately four minutes.  See ECF No. 30 ¶ 2; ECF No. 33 ¶ 1.

USPS letter carriers are issued hand-held scanners to scan packages for mail delivery purposes.  See ECF No. 30 ¶ 10.  Each scanner contains a "GPS type function" that establishes its location at regular intervals.[2]  Id.  USPS provided printed out "hits," or "track points," of when Mr. Yoshida's scanner was within the vicinity of 311 Pacific Street on May 5, 2014.  ECF No. 36 (Lance Machida Supplemental Stmnt.).  These track points include the following time stamps: 9:57 a.m., Pacific Street; 9:59 a.m., Pacific Street; 10:00 a.m., Pacific Street; 10:01 a.m., Pacific Street; 10:02 a.m., Pacific Street; 10:03 a.m., Pacific Street; 10:04 a.m., Pacific Street; 11:46 a.m., Nimitz Highway; 11:49 a.m., Nimitz Highway; and 4:02 p.m., Nimitz Highway.  See id. at 2-10.

As part of the USPS investigation, Mr. Machida did not check the scanners of any other USPS carriers because "Mr. Yoshida was the only USPS employee assigned to deliver accountable mail to 311 Pacific Street on May 5, 2014."  ECF No. 36 (Lance Machida Supplemental Stmnt.) ¶ 7; ECF No. 33 ¶ 3

---

[2] In his Supplemental Declaration, Mr. Machida states that the scanners "establish the letter carriers' location every one to two minutes."  ECF No. 36 (Lance Machida Supplemental Stmnt.) ¶ 5.

(disputing this fact).   Further, as part of the USPS investigation, Mr. Machida did not retrieve any other GPS tracking information related to Mr. Yoshida or other USPS employees on May 5, 2014, other than the ten saved "hit printouts" described above "due to the time lapse." Id. ¶ 9; ECF No. 33 ¶ 1 (disputing this fact).  USPS, therefore, failed to present any evidence of Mr. Yoshida's location, or the location of any other USPS letter carriers that may have been in the area, at or around 2 pm on May 5, 2014.

## III.   Evidence of Negligence

For a motion for summary judgment, movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).  The burden falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex, 477 U.S. at 323 (1986)).

Here, Defendant argues "there is no evidence that any [] USPS employee was negligent and/or caused Plaintiff's injuries" by offering the conclusory statement that "there were no USPS personnel present at 311 Pacific Street on May 5, 2014 during the 1:30 p.m. to 2:30 p.m. time frame." ECF No. 29 at 1; ECF No. 34 at 2. However, Defendant has failed to produce any evidence to support this contention, and therefore has failed to meet its burden of production under Rule 56(c). See Fed. R. Civ. Pro. 56(c); see also T.W. Elec. Serv., 809 F.2d at 631.

First, there is the gap in the investigation as to the location of Mr. Yoshida, the USPS driver scheduled for 311 Pacific Street on May 5, 2014, at the alleged time of accident. Mr. Machida states that the scanners carried by USPS letter carriers "establish [] location every one to two minutes." ECF No. 36 (Lance Machida Supplemental Stmnt.) ¶ 5. However, Mr. Machida neglected to provide any track points of Mr. Yoshida's location after 11:49 p.m. See ECF No. 34 at 5. There is a four-hour gap in the GPS tracking from 11:49 a.m. to 4:02 p.m.; the only reason provided for this gap is that it was due to a "time lapse," without any explanation of what "time lapse" means. Id. Therefore, a question of fact remains as to whether Mr. Yoshida could have been present at HEI Hawaii at or around 2:00 p.m. for some reason other than his assigned mail delivery.

8

Second, there is a gap in the investigation as to the location of other USPS trucks at the time of the alleged accident.  In his Supplemental Declaration, Mr. Machida states that "[he] did not perform an analysis of all the other USPS vehicles on Oahu on May 5, 2014 as to whether they entered 311 Pacific Street because Mr. Yoshida was the only USPS employee assigned to deliver accountable mail to 311 Pacific Street on May 5, 2014."  ECF 36 (Lance Machida Supplemental Stmnt.) ¶ 7.  Therefore, a question of fact remains as to whether there could have been another USPS truck present at BEI Hawaii at or around 2:00 p.m.  See ECF No. 34 at 3-4.

In adjudicating summary judgment motions, the court must view all evidence and inferences in the light most favorable to the nonmoving party.  See T.W. Elec. Serv., 809 F.2d at 631.  When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  Id.  Because the only direct evidence set forth in the Motion is the conflicting testimony between the carrier scheduled to deliver mail to 311 Pacific Street and the victim of the accident, Plaintiff's testimony should be taken as true for the purposes of this Motion.  See ECF No. 29; ECF No. 34; see also T.W. Elec. Serv., 809 F.2d at 631.

Plaintiff's Declarations are sufficient to create genuine issues of fact as to the central question in the case. Plaintiff claims that he was struck in his workplace parking lot by a USPS truck. Plaintiff claims the incident occurred at a specific place and time and he reported the same immediately to his employer.

Defendant took the appropriate steps of conducting an internal investigation, assigning an investigator, and pulling location data from the USPS scanners in a timely manner. While an internal investigation in similar circumstances *may* dispense with any genuine issue of material fact left for trial, this investigation fell short. For example, the Court does not know the location of Mr. Yoshida, the assigned letter carrier for 311 Pacific Street, and the locations of any another USPS driver who could have been in the area at or around the time of the incident.

The Court cannot find as a matter of law that Mr. Yoshida or some other USPS truck driver was not on the premises at approximately 2:00 p.m. simply because he was not scheduled to be there. See ECF No. 36 (Lance Machida Supplemental Stmnt.) ¶ 7. Furthermore, the Court cannot find as a matter of law that no other driver was on the premises simply because no other driver was scheduled to be there. See id. ¶ 8. As the moving party, Defendant, at minimum, should have included information on the location of its carriers within the area at the time of the alleged accident. See ECF No. 34 at 4. Accordingly, a

10

determination regarding the location of the USPS carriers is properly for the trier of fact to make based on the weight of the evidence presented at trial.[3]

CONCLUSION

For the foregoing reasons, Defendant United States' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 2, 2021.



Wes Reber Porter
United States Magistrate Judge

**MIN V. UNITED STATES; CIVIL NO. 20-00039 WRP; ORDER DENYING DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

---

[3] Assuming their truth, Plaintiff's Declarations are sufficient to create genuine issues of material fact.  This Order thus need not address Defendant's alternative request for a Rule 56(d) continuance.  See ECF No. 34 at 6-7.